CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 1 7 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | ) ) ) | Civil No. 5:07cv02009 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| JOHN A. HERZOG, SELINA A. HERZOG AND UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) | By: Samuel G. Wilson United States District Judge |
| Defendant. | ) ) | |

Plaintiff Columbia Gas Transmission Corporation ("Columbia") brought this condemnation action under the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717-717z, for permanent and temporary easements across the property of John A. Herzog and Selina A. Herzog ("the Herzogs"). The Herzogs granted Columbia access to their property in 2007 and Columbia's pipeline construction on the property is complete. The case is before the court on Columbia's motion for summary judgment; Columbia argues that $935 will fully compensate the Herzogs for the permanent easement and for the temporary, construction-related easement. The Herzogs argue that the land has not been properly surveyed, and until it is properly surveyed easement location and compensation cannot be calculated. The court finds that the Herzogs have not submitted sufficient evidence to create a genuine issue of material fact and, therefore, grants Columbia's motion for summary judgment.

I.

On November 1, 2005, the Federal Energy Regulatory Commission issued Columbia a certificate of public convenience and necessity under the NGA. 113 FERC ¶ 61,118. The

certificate authorized a gas pipeline across a portion of western Virginia, including the Herzogs' land in Page County. The Herzogs own two parcels. One parcel covers roughly six acres and the other roughly eleven acres; they are close to one another but, according to maps filed by the parties, the parcels do not abut each other. Columbia made several offers to the Herzogs in an attempt to negotiate Columbia's rights to the Herzogs' land without a formal condemnation action. Those negotiations were unsuccessful.

Columbia filed this action on January 25, 2007; the Herzogs were served on January 29, 2007. Columbia's January 25 complaint included a plat showing the proposed right-of-way traversing a section of the Herzogs' six-acre parcel, but not affecting the eleven-acre parcel. On March 14, 2007, the Herzogs, proceeding without an attorney, wrote a letter to the court challenging whether Columbia's complaint accurately identified the easements. In April 2007, the Herzogs agreed to allow Columbia onto their property to begin construction. In exchange, Columbia agreed to pay Michael L. Baker, Jr., Inc. ("Baker"), to perform a survey that would establish whether Columbia's original plat was accurate. This "Early Access Agreement" ("the access agreement") indicates that both parties agreed to be bound by the results of the Baker survey. Columbia entered the property and began construction. The Herzogs, however, now maintain that the survey was not properly executed because it relied on a questionable 1999 survey rather than depending on older records; the Herzogs maintain the Baker survey merely "check[ed] for pins" on "a prior survey that is in question," rather than using metes and bounds, compass bearings, affidavits, and so on. The Herzogs also maintain that the surveyor, who had worked with Columbia many times before, was not a disinterested third party.

Baker's survey concluded that the plat attached to Columbia's complaint accurately

depicted the location of the easements Columbia sought to condemn. The Baker survey concluded that the pipeline right-of-way ran through the Herzogs' six-acre parcel, but that the right-of-way missed the eleven-acre parcel by at least 350 feet. Columbia moved for summary judgment and the Herzogs responded. The parties agreed that the motion would be decided on the record alone, without oral argument.

## II.

The Herzogs challenge Columbia's description of the easement, apparently on the grounds that the easement actually crosses both of the Herzogs' parcels, rather than only one. Since the Herzogs contend the easement Columbia has described is too small, they also contend that Columbia's just compensation calculation must also be rejected.[1] The court finds that Columbia has submitted ample factual material on the issues of location and compensation, while the Herzogs have submitted their challenges without factual support. Accordingly, the court will grant Columbia's motion for summary judgment.

An award of summary judgment may be made only "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are viewed in the light most favorable to the non-moving party. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007). To withstand a summary judgment motion, the non-moving party must offer evidence from

---

[1] There is some question as to whether the NGA's jurisdictional requirement, that the landowner's claimed amount exceeds $3,000, has been met in this case. 15 U.S.C. § 717f(h). The court finds, however, that jurisdiction here is proper under 28 U.S.C. § 1331 because a federal law, the Natural Gas Act, creates the plaintiff's cause of action. Merrell Dow Pharmaceuticals, Inc v. Thompson, 478 U.S. 804, 808 (1986).

3

which a fair-minded trier of fact could return a verdict for the party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The NGA grants the federal power of eminent domain to private natural gas companies if they hold a certificate of public necessity from the Federal Energy Regulatory Commission and either cannot acquire the property by contract or cannot agree with a landowner as to an amount to be paid for a necessary right of way. 15 U.S.C. § 717f(h). Columbia is a natural gas company as defined in the NGA, 15 U.S.C. § 717a(6), and it holds a certificate of public necessity from FERC.

In support of Columbia's position on easement location, Columbia has submitted the declaration of Columbia engineer Ed Nicholson, along with the Baker survey and the early access agreement. According to Nicholson, he physically inspected the Herzogs' property, reviewed the Page County land records, reviewed the deeds provided by the Herzogs, and spoke with Mr. Herzog. Based upon his review, he supervised the preparation of the plat attached to Columbia's original complaint. Nicholson states that the easement is located only on one of the Herzogs' parcels. Nicholson notes that his conclusion, the conclusion of the Baker survey, and the county's tax maps are all consistent.

The Herzogs challenge Columbia's description of easement required, but they have not submitted evidence from which a trier of fact could conclude that Columbia's depiction of either the easements or the Herzogs' parcels is incorrect. That is, the Herzogs have submitted no alternate description, no alternate survey, no alternate plat, and no sworn statement from a surveyor. Without this, the court is left with little more than the Herzogs' challenge alone. At the summary judgment stage, more factual material is required. Anderson, 477 U.S. at 252. The

4

Herzogs have submitted a letter from a mapping specialist employed by Page County. The specialist concluded in August 2007 that he was unable to determine the exact location of the Herzogs' parcels from the information the county had on record; he stated that "a current field survey is needed to help establish the exact location on the maps" because the deeds are vague or contain errors. The Herzogs have also submitted a 1999 letter from the Herzogs to the Page County Commissioner of Revenue. The letter notes that Mr. Herzog submitted with the letter a 1999 survey of the Herzogs' two parcels, and Mr. Herzog asked that the tax map be corrected to show the results of the 1999 survey. These documents do not call into question Nicholson's conclusions or the conclusion of the Baker report.

As to the issue of easement location, the court concludes that the Herzogs have not marshaled sufficient evidence to withstand summary judgment. There is only one description of the easement to consider – Columbia's original plat, which has been affirmed by the Baker report. Against the evidence, the court concludes there is no genuine issue of material fact as to the location of the easement. This leaves only the issue of what constitutes just compensation for the rights Columbia condemned.

Regarding the value of the easement, Columbia relies on the declaration of Columbia land manager Douglas Holley, in conjunction with the plat. Holley contends the affected land totals 0.12 acres: 0.10 acres required for a permanent easement and 0.02 acres for a temporary construction easement. According to Holley, the permanent easement is worth $850, based upon a market price of $8,500 per acre. The temporary easement is worth $85, based upon *half* of the market price of $8,500, to reflect the easement's temporary nature. Together, Holley values the easements at $935. The Herzogs do not suggest any other land area, larger or smaller, and do not

5

suggest any other value for the land in question. The Herzogs' position is that the affected land area and just compensation cannot be determined until a proper survey is completed. Again, however, the court is left to consider the Herzogs' challenge alone, without any affidavit, declaration or other document from which a trier of fact could draw a conclusion contrary to Columbia's position. Given this, the court concludes that $935 constitutes just compensation for the easement across the Herzogs' parcel.

### III.

Given the above findings, the court finds there is no genuine issue of material fact and grants Columbia's motion for summary judgment and awards the Herzogs $935 as just compensation for the rights condemned by Columbia pursuant to the NGA.

**ENTER**: This 17th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE

6